**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ERIC CHRISTIAN,

        Plaintiff,

vs.

ERIC HONEA, *et al*.,

        Defendants.

Case No. 2:19-cv-00476–APG–VCF

**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] and COMPLAINT [ECF NO. 1-1]

Before the Court is Plaintiff Eric Christian's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, this case should be dismissed and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) should be denied as moot.

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1-1 at 1). The complaint is difficult to follow, but Plaintiff appears to be contesting the results of several criminal trials and appeals. (*Id.* at 3-5). He brings suit against law enforcement officers involved in his criminal cases, and alleges that various circumstances of those cases rendered his convictions unconstitutional. (*Id.* at 2, 4-5). Plaintiff's request for relief includes release from custody. (*Id.* at 9).

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment…a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal…declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A claim

---

[1] However, Plaintiff invokes jurisdiction under 28 U.S.C. § 2242, which relates to applications for writs of habeas corpus. (ECF No. 1-1 at 3).

for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

Plaintiff's complaint indicates that his convictions have been upheld on appeal and are still in effect. Therefore, he cannot bring a § 1983 claim based on his criminal convictions. In addition, Plaintiff has submitted a letter to the Court indicating that this case has been "settled." (ECF No. 3).

ACCORDINGLY, and for good cause shown,

IT is RECOMMENDED that this case be DISMISSED and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS SO RECOMMENDED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 5th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE